# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROEL ESPINOZA, LIDIA ESPINOZA, <br><br>　　　　　　　　　　　　Plaintiffs, <br>　vs. <br><br>BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; INTEGRITY CAPITAL, LLC; RECONTRUST COMPANY, N.A.; et al., <br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10-CV-6 JLS (AJB) <br><br>**ORDER: GRANTING DEFENDANTS MOTION TO DISMISS** <br><br>(Doc. No. 10) |

Presently before the Court is Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, and Recontrust Company, N.A.'s motion to dismiss. (Doc. No. 10.) After reviewing the papers and the law, the Court **GRANTS** Defendants' motion.[1]

## BACKGROUND

"Plaintiffs Roel and Lidia Espinoza . . . are the owners of a single family residence . . . whose address is 6959 Terra Cotta Road, San Diego, CA." (Doc. No. 8 (FAC) ¶ 2.) "On . . . May 11, 2005, Plaintiffs purchased a house as a primary residence in the amount of $573,000." (*Id.* ¶ 6.) The "financed the Property by signing a note in the amount of $515,100 secured by a first deed of trust

---

[1] Plaintiffs have not opposed this motion. Although the Court could construe this failure to oppose as consent to the granting of the motion, doing so would not materially advance this litigation. S.D. Cal. Civ. R. 7.1(f)(3)(c). Therefore, the Court addresses Defendants' motion on the merits.

from Defendant Countrywide." (*Id.* ¶ 7.) "After being hired by the Plaintiffs, Defendant Integrity contacted Defendant Bank of America to serve as a lender to the Plaintiffs." (*Id.* ¶ 8.) Eventually, "Plaintiffs began having difficulty paying their mortgage" and Defendant Recontrust recorded a Notice of Default. (*Id.* ¶¶ 22–23.)

Plaintiffs filed the complaint in this case January 4, 2010. (Doc. No. 1.) On February 24, 2010, Defendants BAC Home Loans Servicing, L.P, Bank of America, N.A., and Recontrust Company N.A. filed a motion to dismiss. (Doc. No. 6.) On March 12, 2010, Plaintiffs filed a First Amended Complaint (FAC) rather than oppose this motion. The Court then denied Defendants' motion because the filing of the FAC rendered the motion moot. (Doc. No. 9.) Then, on March 29, 2010, Defendants filed the instant motion. (Doc. No. 10.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

1  129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be
2  probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*
3  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.
4  *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal
5  conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving
6  the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the
7  well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the
8  complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

### I. INTENTIONAL MISREPRESENTATION

11  The first cause of action in this matter alleges intentional misrepresentation. (FAC ¶¶ 28–42.)
12  According to the FAC, Defendant Bank of America "failed to disclose numerous federal safeguards
13  in the application process," and "failed to include the Initial Good Faith Estimate or an Initial TIL."
14  (*Id.* ¶¶ 32–33.)

15  In California, the elements of the tort of intentional misrepresentation are "'(1)
16  misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity
17  (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting
18  damage.'" *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 608 & n.4 (Cal. 1995) (quoting *Molko
19  v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988)). If the allegations are based on concealment, then
20  the plaintiff must show that the party concealing the fact was "bound do disclose it, or . . . [gave]
21  information of other facts which [were] likely to mislead for want of communication of that fact."
22  Cal. Civ. Code § 1710(3).

23  Because it is a form of fraud, Federal Rule of Civil Procedure 9(b) sets the relevant pleading
24  standard. *See Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2004); *Vess v. Ciba-
25  Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Rule 9(b) states that "In alleging fraud
26  or mistake, a party must state with particularity the circumstances constituting fraud or mistake."
27  These allegations must "be 'specific enough to give defendants notice of the particular misconduct
28  . . . so that they can defend against the charge and not just deny that they have done anything wrong.'

1   Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the
2   misconduct charged. '[A] plaintiff must set forth more than the neutral facts necessary to identify the
3   transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is
4   false.'" *Vess* 317 F.3d at 1106 (citations omitted).

5   Defendants argue that this claim must be dismissed because "Plaintiffs fail to plead facts which
6   show how, when, where, to whom, and by what means the representations were tendered." (Memo.
7   ISO Motion at 5.)  Further, "Plaintiffs fail to allege any misrepresentations made to them by
8   [Defendant Bank of America]." (*Id.*)

9   The Court finds that the motion should be **GRANTED**. As Defendants state, Plaintiffs have
10  not alleged any affirmative misrepresentations by Defendant Bank of America. And, if Plaintiffs'
11  allegations are based on omissions, the FAC does not demonstrate that Defendant Bank of America
12  was bound to disclose anything alleged by Plaintiff.

13  Moreover, Plaintiffs' allegations are insufficiently specific to satisfy Rule 9(b). Rather than
14  explain exactly what "safeguards" Defendant failed to disclose, the FAC simply alleges that
15  "numerous federal safeguards" were not disclosed. (FAC ¶ 32.) And there is no indication that the
16  information which would have been provided in the "Initial Good Faith Estimate or Initial TIL" was
17  not otherwise disclosed by Defendant. Alleging the nondisclosure of documents rather than facts is
18  inadequate to survive this motion to dismiss.

19  Although this claim is riddled with flaws, the Court believes that amendment is not necessarily
20  futile. Therefore, the first cause of action is **DISMISSED WITHOUT PREJUDICE**.

21  **II.    FRAUDULENT CONCEALMENT**

22  The second cause of action alleges fraudulent concealment. (FAC ¶¶ 43–53.) "[T]he elements
23  of that action are: (1) the defendant must have concealed or suppressed a material fact, (2) the
24  defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have
25  intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff
26  must have been unaware of the fact and would not have acted as he did if he had known of the
27  concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the
28  plaintiff must have sustained damage." *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 100 Cal. Rptr.

3d 637, 653 (Cal. Ct. App. 2009) (quoting *Roddenberry v. Roddenberry*, 51 Cal. Rptr. 2d 907, 926 (Cal. Ct. App. 1996)) (citation and quotation marks omitted). And, as with the intentional misrepresentation claim, this cause of action is governed by Rule 9(b). *See Cadlo*, 23 Cal. Rptr. 3d at 5; *Vess*, 317 F.3d at 1102–03.

The Court **GRANTS** the motion to dismiss as to this cause of action. Plaintiffs' allegations do not satisfy the requirements of Rule 9(b). Although Plaintiffs claim that Defendants "fraudulently concealed the true cost of the loan by failing to provide several of the required disclosures," they do not state which particular disclosures were not provided nor exactly how the failure to provide those disclosures concealed the loan's cost. (FAC ¶ 44.) Moreover, Plaintiffs' allegations regarding Defendant Bank of America's duty to disclose are woefully inadequate. They simply state that Defendant "had a legal duty under federal and state law." (*Id.* ¶ 46.) Generally, "a financial institution owe[s] no duty of care to a borrower," so without further specification it is not plausible that Defendant owed Plaintiffs a duty of disclosure. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Nonetheless, the Court finds that amendment would not necessarily be futile and that this claim should be **DISMISSED WITHOUT PREJUDICE**.

### III. BREACH OF FIDUCIARY DUTY

The third claim for relief in the FAC is for breach of fiduciary duty. (FAC ¶¶ 54–66.) As relevant to the Moving Defendants, they allege that "Defendant Bank of America assisted in the act of Defendant Integrity's breach of its fiduciary duties." (*Id.* ¶ 61.) A claim for breach of fiduciary duty requires Plaintiffs to "show 'the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.'" *Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1562 (2003) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)). The statute of limitations for a breach of fiduciary duty claim is four years. Cal. Code Civ. Proc. § 343.

In this case, Plaintiffs' claim fails on all counts. First, they have not alleged that Defendant Bank of America had a fiduciary duty to Plaintiffs. Nor is it credible that Defendant Bank of America would owe a fiduciary duty to Plaintiffs since "[t]he relationship between a lending and its borrower client is not fiduciary in nature." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991) (citing *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476–78 (1989)). Second,

1  Plaintiffs may not pursue Defendant Bank of America for conspiracy to breach fiduciary duty. "A
2  non-fiduciary cannot conspire to breach a duty owed only by a fiduciary." *Kidron v. Movie*
3  *Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 768 (Ca. Ct. App. 1995); *see also Everest Investors 8 v. White*
4  *Hall Real Estate Ltd. P'ship XI*, 123 Cal. Rptr. 2d 297, 302–03 (Cal. Ct. App. 2002). Finally,
5  Defendant correctly notes that the statute of limitations on this claim has run, since this matter was
6  filed approximately four years and seven months after the loan was consummated.

7  Therefore, Defendants' motion to dismiss is **GRANTED**. And, since there is no way that
8  amendment could cure the defects identified herein, this claim for relief is **DISMISSED WITH**
9  **PREJUDICE**.

10 **IV.  ACCOUNTING & RESPA VIOLATION (12 U.S.C. § 2605(E))**

11 Plaintiffs' fifth cause of action makes claims for (1) accounting and (2) violation of 12 U.S.C.
12 § 2605(e). (FAC ¶¶ 75–80.) 12 U.S.C. § 2605 is a provision of the Real Estate Settlement Procedures
13 Act (RESPA). Section 2605(e)(1)(A) provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

A qualified written request must "enable[] the servicer to identify[] the name and account of the borrower," and "include[] a statement of the reasons for the belief of the borrower . . . that the account is in error." 12 U.S.C. § 2605(e)(1)(B). A plaintiff suing for violation of this section may recover actual damages, up to $1,000 in statutory damages where there is "a pattern or practice of noncompliance," and reasonable costs and attorney's fees. 12 U.S.C. § 2605(f).

The Court **GRANTS** Defendants' motion to dismiss. Plaintiffs allege that they "sent a Qualified Written Request ('QWR') . . . to Defendant Bank of America." (FAC ¶ 77.) The qualified written request "sought information on whether or not the loan was in lawful compliance with all federal and state laws regarding disclosure" along with other information. (*Id.*) This assumes but does not demonstrate that the document sent to Defendant was a QWR. For example, Plaintiffs have not shown that their alleged QWR "include[d], or otherwise enable[d] the servicer to identify, the name and account of the borrower." 12 U.S.C. § 2605(e)(1)(B)(i). Nor have they claimed that the QWR "included a statement of reasons for the belief of the borrower . . . that the account is in error." *Id.* §

1  2605(e)(1)(B)(ii).  Without these allegations the Court cannot find that Plaintiffs' recovery is
2  plausible.  *See Lincoln v. GMAC Mortgage, LLC*, 2009 WL 5184413, at *2 (C.D. Cal. 2009).

3  Plaintiffs also request an accounting.  Accounting, however, is not one of the available
4  remedies under RESPA.  *See Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, at *13
5  (C.D. Cal. 2009).  Thus, the Court evaluates whether Plaintiffs have an independent basis on which
6  this Court could order an accounting.

7  "An action for an accounting . . . is a proceeding in equity for the purpose of obtaining a
8  judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the
9  amount due, administer full relief and render complete justice."  *Verdier v. Superior Court*, 88 Cal.
10 App. 2d 527, 530 (1948).  "An accounting cause of action is equitable in nature, and may be sought
11 'where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is
12 impracticable.'"  *Civic W. Corp. v. Zilla Indus. Inc.*, 135 Cal. Rptr. 915, 923 (Cal. Ct. App. 1977).  The
13 party seeking an accounting must be a "wronged fiduciary."  *See Glue-Fold, Inc. v. Slautterback
14 Corp.*, 98 Cal Rptr. 2d 611, 663 n.3 (Cal. Ct. App. 2000).  "'A suit for an accounting will not lie where
15 it appears from the complaint that none is necessary or that there is an adequate remedy at law.  An
16 accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in
17 his complaint to be a sum certain.'"  *Id.* (citation omitted).

18 There is no basis for an accounting in this case.  Plaintiffs have not pled facts showing that
19 Defendant Bank of America owes them any sort of fiduciary duty.  *See Nymark*, 231 Cal. App. 3d at
20 1096.  Nor is there any indication that this case involves complex accounts or any other reason that
21 would justify an accounting.  *Civic W.*, 135 Cal. Rptr. at 923.

22 Although the Court is skeptical that there are facts in this case to support a claim for relief on
23 this cause of action, the possibility remains.  Therefore, the fifth cause of action is **DISMISSED**
24 **WITHOUT PREJUDICE**.

25 //
26 //
27 //
28 //

**VII.  QUIET TITLE**

Next, Plaintiffs bring an action for quiet title. (FAC ¶¶ 81–86.)  They claim that they "are the owners in fee of title to property commonly known as 6959 Terra Cotta Road, San Diego CA 92114" and that "Defendants claim and assert interests in the above-described real property which are adverse to Plaintiffs." (*Id.* ¶¶ 82–83.)  They argue that "[t]he First Deed of Trust is invalid and void as to Plaintiffs because Plaintiffs now rescind the Loan, the promissory note in connection with the Loan, and the Deed of Trust and so notified Defendants with the filing of this Original Complaint." (*Id.* ¶ 84.)

An action to quiet title in California arises under Code of Civil Procedure section 760.010, et seq.  A plaintiff may bring such an action "to establish title against adverse claims to real or personal property or any interest therein." Cal. Code. Civ. P. § 760.020(a).  The Code defines a "'Claim' [as] includ[ing] a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." Cal. Code. Civ. P. § 760.010(a).  Further, a complaint seeking to quiet title must be verified. *Id.* § 761.020.

The Court finds that this claim must be **DISMISSED WITHOUT PREJUDICE**.  First, Plaintiffs' complaint is not verified.  More importantly, Plaintiffs have not sufficiently pled that the Deed of Trust is void.  Although Plaintiffs claim that they have rescinded the loan, there is no basis for this alleged right in the FAC.  Plaintiffs cite California Civil Code sections 1691 and 1692. (FAC ¶ 84.)  These sections do not provide a substantive right to rescind, but rather "[t]he mechanics of contract rescission." *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1167 (S.D. Cal. 2009).  Since there is no other basis for rescission in the FAC at this time, the quiet title claim fails both procedurally and substantively.  Therefore, the motion is **GRANTED** as to this cause of action.

**VII.  TRUTH IN LENDING ACT VIOLATIONS**

Plaintiffs' seventh cause of action alleges violations of the federal Truth In Lending Act (TILA), 15 U.S.C. §§ 1601–1666j. (FAC ¶¶ 87–98.)  TILA applies a one year statute of limitations to damages claims and a three year limitations period for the right to rescind. 15 U.S.C. §§ 1635(f), 1640(e).  The limitations period begins to run from the date the loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  In certain circumstances, however, equitable tolling may be available. *Id.*  Specifically, the limitations period may be suspended "until the

1  borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form
2  the basis of the TILA action." *Id.* This should only be applied, however, "if the general rule would
3  be unjust or frustrate the purpose of the Act." *Id.*

4  Plaintiffs filed this action well outside of the limitations periods for both damages and
5  rescission. Further their allegations do not evidence "fraudulent concealment which by [its] very
6  nature, if true, serve[s] to make compliance with the limitation period imposed by Congress an
7  impossibility." *Id.* (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984)).
8  Rather, they merely claim that they first discovered the violations within the last year. (FAC ¶ 98.)
9  Plaintiffs had the opportunity to discover the alleged violations at the loan's closing. The fact that
10  they did not make this discovery until later does not justify tolling. It is nonetheless possible that facts
11  justifying tolling exist and therefore the Court **DISMISSES** this claim **WITHOUT PREJUDICE**.

**IV.    VIOLATION OF RESPA (12 U.S.C. § 2607)**

13  The eighth cause of action alleges a violation of RESPA, specifically 12 U.S.C. § 2607. (FAC
14  ¶¶ 99–109.) Plaintiffs claim that "Defendant Bank of America payed a very sizeable, unlawful Yield
15  Spread Premium . . . of $10,302 to Defendant Integrity." (*Id.* ¶ 104.)

16  Claims for RESPA violations under section 2607 must be brought within one year "from the
17  date of the occurrence of the violation." 12 U.S.C. § 2614. And, as noted earlier, Plaintiffs filed this
18  action substantially more than four years after their loan was executed. Therefore, this claim is time-
19  barred.[2] However, since Plaintiffs might be able to justify equitable tolling with the pleading of
20  further facts, this claim is **DISMISSED WITHOUT PREJUDICE**.

21  //
22  //
23  //
24  //
25  //

---

[2] Plaintiffs' allegation that they "discovered [the violation] within one year past after a forensic review of the Plaintiff's (sic) loan documents was reviewed by his attorney, which occurred in or around May 2009" is irrelevant because this statute of limitations runs from "the date of the occurrence of the violation," not its discovery. (FAC ¶ 109.)

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss is **GRANTED**. Plaintiffs' third claim is **DISMISSED WITH PREJUDICE** and the remainder of the FAC is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs **MAY FILE** a second amended complaint within twenty-one days of the date this Order is electronically docketed.

IT IS SO ORDERED.

DATED: May 17, 2010

Honorable Janis L. Sammartino
United States District Judge